UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SULTAN OIL CO. et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. CIV-19-175-CBG |
| ) | |
| **TRINITY OPERATING (USG), LLC,** ) | |
| **and WSGP Gas Producing, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Now before the Court are the separate Motions to Dismiss of Defendants WSGP Gas Producing, LLC ("WSGP") and Trinity Operating (USG), LLC ("Trinity"). *See* Doc. Nos. 20 and 21. Plaintiffs Sultan Oil Company ("Sultan"), Heritage Royalties, Inc. ("Heritage"), Carol W. Byrd as Trustee of the Carol W. Byrd Trust (the "Byrd Trust"), Carol W. Byrd as Trustee of the ARK Trust (the "ARK Trust"), and Chester Oil Company ("Chester") have responded in opposition. *See* Doc. Nos. 23 and 24. Defendants have replied. *See* Doc. Nos. 26 and 28. After considering the parties' arguments and the governing law, the Court determines that the Motions should be granted in part and denied in part, as set forth below.

SUMMARY OF THE PLEADINGS

Plaintiffs initiated this action on March 11, 2019 in the District Court of Hughes County, Oklahoma, asserting claims for breach of contract, accounting, and violation of the Production Revenue Standards Act, Okla. Stat. tit. 12, § 570.1 *et seq.* ("PRSA"). *See* Pet. (Doc. No. 2-1). On June 4, 2019, Defendants removed the action to federal court under

28 U.S.C. § 1332(a).  *See* Notice of Removal (Doc. No. 2).  Plaintiffs thereafter filed an Amended Complaint, which is the operative pleading for purposes of the Motions under review.  *See* Am. Compl. (Doc. No. 6).

Plaintiffs allege that Trinity operates several oil and gas wells in Hughes, County, Oklahoma, in which Sultan, Heritage, the Byrd Trust, and the ARK Trust own mineral interests and in which Chester holds overriding royalty interests ("ORRI").  *Id.* at ¶¶ 12-15.  The wells were drilled and completed pursuant to a series of oil and gas leases, which Plaintiffs executed or to which they succeeded in interest (the "Leases").  *Id.* at ¶ 16.  The Leases are attached as Exhibits 1-3 to the Amended Complaint.  *See* Sultan Leases (Doc. No. 12-1); Heritage Leases (Doc. No. 12-2); and Byrd and ARK Trust Leases (Doc. No 12-3).  The assignment creating Chester's ORRI is attached as Exhibit 4 to the Amended Complaint (the "ORRI Assignment").  *See* ORRI Assignment (Doc. No. 12-4).  Plaintiffs allege that Trinity and WSGP own all or part of the working interest in the Leases, which they acquired "by mesne assignments of record."  *Id.* at ¶¶ 18, 26-27.

Some of the Leases include a "No Deductions" provision restricting the lessee's ability to deduct expenses from royalty payments.[1]  *Id.* at ¶ 19.  Likewise, some of the Leases include an "Access to Information" provision requiring the lessee, upon written request, to furnish the lessor with documentation necessary to determine whether royalties have been properly paid.[2]  Am. Compl. at ¶ 21.  The ORRI Assignment does not include either such provision.  *See* Doc. No. 12-4.

---

[1] The "No Deductions" provisions in the referenced Leases are not uniform.
[2] The "Access to Information" provisions in the referenced Leases are not uniform.

Plaintiffs allege that Defendants improperly deducted expenses from their royalty and ORRI payments and failed to supply Plaintiffs with information related to production and revenue. *See* Am. Compl. at ¶¶ 17, 28, 29, 34. Plaintiffs seek an accounting, as well as monetary damages for breach of contract and violation of the PRSA.

## STANDARD OF REVIEW

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## ANALYSIS

Plaintiffs assert claims for: (1) breach of contract, (2) violation of the PRSA, and (3) accounting. Defendants seek dismissal of all three claims.

I.   *Breach of Contract*

Plaintiffs allege that Defendants breached the Leases and the ORRI Assignment in two ways: (1) by deducting expenses from Plaintiffs' royalty and ORRI payments in violation of the "No Deductions" provision and the implied duty to obtain a marketable product; and (2) by failing to supply Plaintiffs with production and revenue information in violation of the "Access to Information" provision. Am. Compl. at ¶¶ 19-21, 28-29. Defendants advance four arguments supporting dismissal.

Defendants first contend that they are not liable in contract with respect to agreements they did not sign. Specifically, Defendants point out that Trinity is not a signatory to any of the Leases and that neither Trinity nor WSGP is a signatory to the ORRI Assignment. *See* WSGP Mot. (Doc. No. 20), at 4-5; Trinity Mot. (Doc. No. 21), at 4-5. Plaintiffs' contract claims, however, are premised on the allegation that Defendants acquired the agreements by *assignment*. *See* Am. Compl. at ¶ 18; ¶¶ 26-27. This allegation—the truth of which is presumed at this stage in the litigation—provides a plausible basis for Plaintiffs' breach-of-contract claims. *See Mountain States Fin. Res. Corp. v. Agrawal*, 777 F. Supp. 1550, 1552 (W.D. Okla. 1991) (explaining that "[a]n assignee stands in the shoes of the assignor, and acquires all of the assignor's rights and liabilities").

The Court is likewise unpersuaded by Defendants' second argument, that the allegations supporting Plaintiffs' breach-of-contract claims are impermissibly conclusory. *See* WSGP Mot. at 3-4; Trinity Mot. at 3-4. Plaintiffs attached the relevant agreements to their Amended Complaint, identified the express and implied terms at issue, and set forth

sufficient facts from it can be inferred that Defendants breached those terms. *See* Am. Compl. at ¶¶ 25-29; *id.* at ¶ 28 ("The Defendants have breached the terms of their oil and gas leases with the Plaintiffs by . . . failing to pay the Plaintiffs the royalty proceeds to which they are entitled."); *id.* at ¶ 29 ("The Defendants have breached the terms of its lease assignment with Chester . . . by failing to pay Chester the overriding royalty proceeds to which it is entitled."). No more is required under *Twombly*. *See, e.g., Cecil v. BP Am. Prod. Co.*, No. CIV-16-410-RAW, 2017 WL 2987174, at *3 (E.D. Okla. Mar. 20, 2017); *Kunneman Props., LLC v. Marathon Oil Co.*, No. 17-CV-00456-GKF-JFJ, 2019 WL 4658362, at *2 (N.D. Okla. Sept. 24, 2019).

Defendants next assert that neither the ORRI Assignment nor the Leases attributable to Heritage's mineral interests contain the "No Deductions" or "Access to Information" provisions, and, therefore, Defendants cannot be held liable to Chester or Heritage for breaching those provisions. *See* WSGP Mot. at 5; Trinity Mot. at 5. The Court agrees. The claims of Chester and Heritage that Defendants breached the "No Deductions" provision are dismissed. Chester and Heritage may, however, proceed with their claim on the theory that Defendants deducted post-production costs in violation of the implied duty to obtain marketable product.[3]

---

[3] "Under Oklahoma law, the general rule is that royalty is owed on the value of gas at the point a marketable product is obtained. This marketable-product rule stems from the lessee's implied duty to market production. Under this rule, the royalty interest does not share in transportation, compression, dehydration, and blending costs *when such costs are associated with creating a marketable product.*" *See Foster v. Apache Corp.*, 285 F.R.D. 632, 638 (W.D. Okla. 2012) (citations and internal quotation marks omitted).

5

Finally, Defendants contend that—with the exception of Sultan, which is alleged to have sent two letters to Trinity requesting production and revenue information—Plaintiffs fail to state a claim for breach of the "Access to Information" provision insofar as they do not allege a refusal to supply information *in response to a written request* for the same. *See* WSGP Mot. at 6; Trinity Mot. at 6.  The Court agrees.  The claims of Chester, Heritage, the Byrd Trust, and the ARK Trust that Defendants breached any "Access to Information" provision are dismissed.

In sum, the following contract claims may proceed: (1) the claims of all Plaintiffs that Defendants breached the implied duty to obtain marketable product by deducting expenses from their royalty and ORRI payments; (2) Sultan's claim that Trinity breached the Leases' "Access to Information" provision; and (3) the claims of Sultan, the Byrd Trust, and the ARK Trust that Defendants breached the Leases' "No Deductions" provision.

II.     *Violation of the PRSA*

Plaintiffs' PRSA claims are predicated on the same alleged conduct as their breach-of-contract claims, namely: (1) improper deduction of expenses, and (2) failure to supply production and revenue information.

Defendants first argue that Plaintiffs' PRSA claims fail as a matter of law because Plaintiffs do not allege the untimeliness of any royalty payment(s) by Trinity or WSGP. *See* WSGP Mot. at 7-8; Trinity Mot. at 6-8.  This argument wrongly assumes that untimely payment of royalty proceeds is the *only* basis for liability under the PRSA.  It is not.  The PRSA also provides liability for royalty payments that are "incorrect[] . . . as a result of an error or omission."  Okla. Stat tit. 52, § 570.10(C)(4).  Plaintiffs have stated a plausible

claim for violation of § 570.10(C)(4) insofar as they allege that improper deductions by Defendants yielded underpayment of royalty proceeds. Am. Compl. at ¶ 34; Pl.'s Resp. to Trinity Mot. (Doc. No. 23), at 9-10; Pl.'s Resp. to WSGP Mot. (Doc. No. 24), at 9-10.

Plaintiffs further allege that Defendants violated the PRSA "by failing to account for all production and revenue attributable to [] Plaintiffs' mineral interest and [ORRI]." Am. Compl. at ¶ 34. Presumably, Plaintiffs are referring to Okla. Stat. tit. 52, § 570.12(A), which requires that certain information be included "with each payment made to an interest owner from the sale of oil or gas." Okla. Stat. tit. 52, § 570.12(A). The Oklahoma Supreme Court has held that this provision creates a "legal duty . . . to accurately inform [interest owners] of the facts on which the royalty payments are based," and that breach of such duty may support a claim for constructive fraud. *Howell v. Texaco Inc.*, 112 P.3d 1154, 1161 (Okla. 2004). But Plaintiffs in this case do not assert a claim for constructive fraud. Nor do they allege what, if any, of the statutorily enumerated information was omitted from their royalty payments.

Plaintiffs' claim for "failure to account" under the PRSA is instead in the nature of a request for accounting. *See* Am. Compl. at ¶ 34. The Court concludes that such a claim is not cognizable under § 570.12 and is therefore subject to dismissal under Rule 12(b)(6). *See Hill v. Kaiser-Francis Oil Co.*, No. CIV-09-07-R, 2011 WL 13113453, at *1 (W.D. Okla. Aug. 12, 2011) ("The Court does not construe [Okla. Stat. tit. 52, § 570.12] as permitting royalty owners to make a retroactive request for [] information nor is the provision sufficiently expansive so as to grant Plaintiff their requested accounting.").

7

Defendants' second argument is that Trinity's operator duties are strictly "ministerial" in nature and that any mispayments are attributable solely to the working interest owners. Trinity Mot. at 7-8 (citing Okla. Stat. tit. 52, § 570.4(C)). Plaintiffs allege, however, that Trinity is a working interest owner in addition to operator of the wells in question. *See* Am. Compl. at ¶ 18. Accordingly, Plaintiffs may proceed with their claims against both Defendants for violation of Okla. Stat tit. 52, § 570.10(C)(4). *Accord Spindletop Expl. Co., Inc. v. Trinity Operating (USG), LLC*, No. CIV-19-310-RAW, 2020 WL 2114925, at *2 (E.D. Okla. May 4, 2020).

III. *Accounting*

Plaintiffs assert that Defendants owe them a duty to account: (1) under the Leases, (2) "in equity," and (3) under the PRSA. Am. Compl. at ¶ 24. To the extent Plaintiffs purport to assert a claim for accounting under the PRSA, that claim fails for the reasons set forth in Section II *supra*.

The distinctions between claims for legal and equitable accounting were recently outlined by the Oklahoma Court of Civil Appeals. *See Margaret Blair Trust v. Blair*, 378 P.3d 65, 72-74 (Okla. Civ. App. 2016). A claim for legal accounting seeks to enforce a duty created by contract or fiduciary status. *Id.* at 72. It is pursued as a breach of the applicable duty and "is not an equitable matter at all." *Id.* Equitable accounting, by contrast, is available "where the plaintiff lacks a legal right to an accounting, but an accounting is the only available means to an adequate remedy." *Id.* at 73.

The Court finds that Plaintiffs' claims for legal accounting are materially indistinguishable from their claims for breach of the Leases' "Access to Information"

8

provision and are therefore subject to the same analysis.  Thus, for the reasons articulated in Section I *supra*, the Court dismisses Plaintiffs' claims for legal accounting with the exception of the claim by Sultan against Trinity.

Equitable accounting may be available to the extent Plaintiffs lack an adequate remedy at law.  *Krug v. Helmerich & Payne, Inc.*, 320 P.3d 1012, 1022, *as corrected* (Feb. 24, 2014).  Because Defendants have offered no argument supporting the dismissal of Plaintiffs' claims for equitable accounting,[4] the Court will allow all such claims to proceed.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Doc. Nos. 20 and 21) are GRANTED IN PART and DENIED IN PART.  The following claims are dismissed:

1. The claims of Chester and Heritage that Defendants committed a breach of contract by deducting expenses from their royalty and ORRI payments;

2. The claims of Chester, Heritage, the Byrd Trust, and the ARK Trust that Defendants committed a breach of contract by failing to supply Plaintiffs with production and revenue information;

3. The claims of Chester, Heritage, the Byrd Trust, and the ARK Trust for legal accounting; and

4. The claims by all Plaintiffs that Defendants are entitled to an accounting under Okla. Stat. tit. 52, § 570.12(A).

---

[4] Defendants assert that "there is no claim in the [Amended] Complaint for an 'Accounting' based on equity."  WSGP Reply at 4; Trinity Reply at 5.  But this assertion is incorrect. *See* Am. Compl. at ¶ 24 (stating that Defendants "have a duty to account to all Plaintiffs . . . in equity").

In all other respects, the Motions are denied. This case shall be set for a status and scheduling conference on the Court's next regular docket.

IT IS SO ORDERED this 11th day of June, 2020.

_____
CHARLES B. GOODWIN
United States District Judge